# IN THE UNITED STATE DISTRICT COURT
# FOR THE STATE OF MARYLAND

CHARLES RICHARD ALSOP GILBERT, JR

Petitioner,

v.

JUDYTH A. LEDOUX, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms & Explosives, Columbus Field Division,

Respondent.

Case No.:

**PETITION FOR JUDICIAL REVIEW AND DECLARATORY RELIEF**

Petitioner, CHARLES RICHARD ALSOP GILBERT, JR., by and through his counsel, Athan Tsimpedes, Esq., files this petition for de novo judicial review[1] of the denial of a license as a dealer in firearms other than destructive devices and declaratory relief against JUDYTH A. LEDOUX, the Director of Operations, the U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, Columbus Field Division (ATF). This action is brought pursuant to 18 U.S.C. § 923(f)(3) and states as follows:

**INTRODUCTION**

1.   Petitioner has been wrongfully denied his application for a federal firearms license (FFL) by and through the continuation of proceedings initiated by the ATF to revoke Petitioners FFL and has admitted that it is a lifelong ban which violates the due process clause and ex post facto laws. Petitioner brings this petition under 18 U.S.C. § 923(f)(3), seeking review of the denial of his application for a Federal Firearms License ("FFL") under 18 U.S.C. § 923.

---

[1] On March 7 2018, the United States District Court for the State of Maryland issued an Order dismissing Plaintiff petition for review for dormancy but without prejudice.

## JURISDICTION AND VENUE

**2.** This court has jurisdiction over the subject matter of this action under 18 U.S.C. § 923(f)(3) and 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## THE PARTIES

3. CHARLES RICHARD ALSOP GILBERT, JR, Petitioner a business entity lawfully approved to sell firearms to members of the Gilbert Indoor Gun Range at the location of the proposed licensed premises.

4. JUDYTH A. LEDOUX (hereinafter "LEDOUX") is the current Director of Industry Operations (DIO), Columbus Field Division, US Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter "ATF") who is the issuing authority for FFLs under 18 U.S.C. § 923.

## BACKGROUND

5. In May 2013, Petitioner applied for a FFL with ATF, under license number 4-35-091-01-PA-05498..

6. On November 1, 2013, ATF issued its Notice of Denial of License, Form 4498, to Petitioner.

7. On November 8, 2013, Petitioner timely requested a hearing to review ATF's denial of his application, then requested that the hearing be reset. ATF complied with both requests, and held a hearing on April 15, 2014, at which Petitioner and ATF presented evidence before a hearing officer.

8. On May 22, 2014, ATF, through its hearing officer, issued its Notice of Final Denial, denying Petitioner's application.

9. At the due process hearing the ATF, through its agents acting within their authority and

of such duties and title, expressed and stated to the Petitioner that he is "banned for life" which is inconsistent and in violation of the US Constitution due process clause of the 14th Amendment, the Eight Amendment and federal law.

10. Respondent "lifelong ban" is an implied action or proceedings which were initiated against Petitioner and continues unabated in violation of 28 U.S.C. § 2462 and the Eighth Amendment to the US Constitution. See also *American Arms Int. Inc.* v. *Herbert,* 563 F.3d 78,86 (4th Cir. 2009); *See Gilbert* v. *Bangs,* 813 F. Supp. 2d 669 (D. Md 2011) *affirmed* 481 Fed. Appx. 52 (4th Cir. 2012).

11. Respondents lifelong ban amounts to a fine or penalty and a continuation of the proceedings initiated against Petitioner in Maryland. *See 28 U.S.C. § 2462*

12. At the same time, the life long ban denial is clearly punitive and a continuation of the proceedings initiated by the ATF in revoking Petitioner's FFL in 2008 in that the ATF, through its agents acting within their authority and of such duties and title, expressed and stated that Petitioner is "banned for life" and will never have an FFL through which to sell firearms at his Gun Range which has the right to sell firearms to its members, which is inconsistent and in violation of the Eighth Amendment and due process clause of the Fourteenth Amendment of the United States Constitution.

13. Respondent has specifically cited the proceeding which was initiated to revoke Petitioner license in Maryland to establish and further the lifelong ban against Petitioner in violation of the US Constitution and federal law.

14. On July 7, 2014, Petitioner Charles Richard Alsop Gilbert, Jr. filed a complaint alleging improper denial of a Federal Firearms License ("FFL") against Respondent Judyth A. Ledoux ("Ledoux"), in her official capacity as Director of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in the U.S. District Court for the Northern District of Indiana.

15. On September 5, 2014, Ledoux moved to dismiss. and the Indiana district court denied the motion and transferred the case to this US District Court for the State of Maryland, Case no. RWT 15-cv-2586.

16. The court dismissed the case without prejudice.

17. Petitioner now brings this Petition to seek judicial review of ATF's denial and to request discovery on the issue of the lifelong ban stated by Respondent.

18. Petitioner also seeks declaratory relief regarding the lifelong ban against Respondent.

## STANDARDS VIOLATED

19. Under the provisions of section 923(d)(1), Title 18, United States Code, and section 478.47, Title 27, Code of Federal Regulations, the Attorney General shall approve an application for a Federal firearms license (FFL) if, among other criteria[2]: The applicant is not prohibited from transporting, shipping, receiving or possessing firearms or ammunition in interstate commerce; the applicant has not willfully violated any provisions of the Gun Control Act or any rules or regulations prescribed thereunder; and the applicant has not willfully failed to disclose a material fact or has not made any false statements in connection with his application.

20. Under the provisions of Section 2462 provides, in relevant part, that the United States may not commence an "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise" more than five years after the claim first accrued. 28 U.S.C. § 2462.

21. Respondent's denial of Petitioner's FFL application violates (1) federal law, including 18 U.S.C. § 923(d)(1)(C) and 28 U.S.C. § 2462, and (2) the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments.

---

[2] See 18 U.S.C. §§ 923(d)(l) (B), (C), (D); 27 C.F.R. § 478.47(b) (2), (3), (4).

22. Respondent's denial of Petitioner's FFL application was arbitrary and capricious, unsupported by substantial evidence, and an abuse of discretion.

23. The Respondent, through her agents acting through her direction and control, or within their authority and of such duties and title, expressed and stated that Petitioner is "banned for life" which is inconsistent and in violation of the US Constitution due process clause of the 14th Amendment.

24. Thus, Respondent was not authorized to deny Petitioner's FFL application for life or ban him for life from ever getting an approval or receiving an FFL after submitting.

24. Because of Respondent's illegal and improper denial of Petitioner's FFL application,

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests that the Court declare and enter an order and judgment against Respondent as follows:

1. Declare that Respondent erred and was not authorized to deny Respondent's license application or enforce a lifelong ban;

2. Declare Respondent violated the Due Process rights;

3. Declare Respondent lifelong ban of Petitioner from obtaining an FFL is in violation of the US Constitution's Fifth, Eighth and Fourteenth Amendments and 28 U.S.C. § 2462.

4. Award attorneys' fees and costs; and

5. Grant such other and further relief, as the Court may deem just and equitable

**AMENDED PETITION FOR JUDICIAL REVIEW**

Respectfully Submitted,

TSIMPEDES LAW FIRM

BY:

/s/Athan T. Tsimpedes, Esq.          Dated: June 7, 2018
MD Fed. Bar No. 12932
1200 New Hampshire Avenue, NW
Suite 725A
Washington, D.C. 20036
Ph: 202-464-9910
athan@tsimpedeslaw.com
Attorney for *Petitioner*

**AMENDED PETITION FOR JUDICIAL REVIEW**

6